UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


| JEFFREY ALLEN CASTLE | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | NO. 2:09-CV-107 |
| | ) | |
| SULLIVAN COUNTY SHERIFF'S OFFICE and SULLIVAN COUNTY, TENNESSEE GOVERNMENT | ) ) ) | |

## **MEMORANDUM and ORDER**

*Pro se* plaintiff Jeffrey Allen Castle has filed this civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in connection with his arrest and detention. The defendants are the Sullivan County Sheriff's Office and Sullivan County, Tennessee. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. [Doc. 1].

Plaintiff makes the following allegations in support of his claims. On May 25, 2008, Deputy Brandon Shull "placed" plaintiff "in control" of the vehicle in which he had been a passenger, following the driver's arrest. Before plaintiff could leave in the arrestee's automobile, however, he was detained by Sgt. Tracy Kittrell. Deputy Shull then seized the car keys from plaintiff, searched the car, including a locked glove compartment, and (inferentially) plaintiff's person. The search uncovered drug paraphernalia under the driver's seat; a baggie containing a white powder substance in the glove compartment; and

a wallet with cash in it (impliedly, on plaintiff). All items were seized.

Plaintiff was seated in the back of a patrol car, later handcuffed, and taken to jail, but only after a detour to a McDonald's Restaurant, where the officer purchased food and taunted plaintiff about his inability to "have anything to eat like that for a long time where he was going." Upon their arrival at the jail, Deputy Shull questioned plaintiff, without advising him of his rights under *Miranda v. Arizona*, 384 U.S. 446 (1966). Plaintiff was thereafter booked into the jail and charged with possession of over ½ gram of Schedule II narcotics for resale and unlawful possession of drug paraphernalia.

At the preliminary hearing on September 4, 2008, Deputy Shull testified. Thereafter, the presiding judge of the General Sessions Court found that probable cause was lacking, dismissed the case against plaintiff, and taxed the costs to the State of Tennessee. Plaintiff maintains that, as a result of the unlawful arrest and ensuing events, he has suffered various losses—liberty, pursuit of higher education due to being disqualified from participation in NCAA-governed athletic programs, opportunities for employment, including those in the United States Armed Services, humiliation, embarrassment, and a criminal record.

Under the facts as alleged, plaintiff asserts that his arrest was unlawful, that he was subjected to cruel and unusual punishment, and that defendants displayed professional misconduct, in violation of his civil rights under the Fourth, Fifth, Eighth (by implication), and Fourteenth Amendment. By asserting that he was subjected to cruel and

unusual punishment, plaintiff appears also to be pleading a false imprisonment claim.

The complaint now must be screened, *see* 28 U.S.C. § 1915(e)(2), and must be dismissed if the Court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks damages against a defendant who is immune from such relief.

As an initial matter, one defendant, the Sullivan County Sheriff's Office, is a non-suable entity. This is so because that organization has no legal or corporate existence apart from Sullivan County and, thus, does not qualify as a "person" subject to liability under 42 U.S.C. § 1983.[1] *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

The right to be arrested only upon probable cause is a right secured by the

---

[1] Section 1983 provides, in relevant part,

> Every <u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C.A. § 1983 (underlining added).

Fourth Amendment to the United States Constitution, *Dunaway v. New York,* 442 U.S. 200, 207-08 (1979); *Crockett v. Cumberland College,* 316 F.3d 571, 579-580 (6th Cir. 2003), as is the right not to be detained without legal process.[2]

However, the sole remaining defendant is Sullivan County, Tennessee. To succeed on a claim against this defendant, plaintiff must show that he has suffered harm because of a constitutional violation and that a policy or custom of the entity caused the harm. *Monell.*, 436 U.S. at 691; *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262 (2000). Put simply, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Additionally, a plaintiff must show that defendant municipality was itself a "moving force" behind the deprivation, so that its policy or custom played a part in the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A municipality, like Sullivan County, cannot be held liable merely because it employed a tortfeasor. *Monell*, 463 U.S. at 691.

Here, plaintiff has not identified any Sullivan County policy or custom permitting its employees to harass, falsely arrest, or falsely imprison its citizens, nor has

---

[2] These claims overlap—false arrest "is a species" of false imprisonment. *Wallace v. Kato*, 127 S. Ct. 1091, 1095 (2007). Also, both claims accrue at the same time—when legal process begins, such as when a plaintiff is arraigned on the charges. *Id.* at 1096.

he connected that policy to the County or demonstrated how his injuries were caused by the policy. There is simply no evidence to show that the alleged conduct on the part of Sullivan County's individual law enforcement officers resulted from a County policy, custom or practice. Therefore, if a constitutional violation caused plaintiff to suffer harm, the County is not liable for it. Finally, a theory of respondeat superior [an employer's right to control its employees] cannot not serve as a basis for liability in a § 1983 case. *Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005).

Therefore, a separate order will enter dismissing this case for failure to state a claim which would entitle plaintiff to relief under 42 U.S.C. § 1983.[3] 28 U.S.C. § 1915(e)(2)((B)(ii).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[3] The illegal-arrest claim, which allegedly arose on May 25, 2008, might also be time-barred under the applicable one-year statute of limitations. The complaint was received in the Clerk's office on May 29, 2009, in an envelope with the face bearing a date-stamp of May 27, 2009.